IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SYSTEMS WEST PERFORMANCE,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON ET AL,<br><br>Defendant. | **MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>Case No. 2:19-CV-00384-BSJ<br><br>District Judge Bruce S. Jenkins |

On January 14, 2020, this matter came before the Court for oral argument on Defendant Noise Consulting Group's Motion to Dismiss the First Amended Complaint for lack of personal jurisdiction. David K. Isom appeared on behalf of Plaintiff Systems West Performance ("SWP"). Scott A. Hagen appeared on behalf of Defendant Noise Consulting Group ("Noise"). At the hearing, the Court ordered SWP to produce additional papers to the Court. SWP produced the additional papers on January 17, 2020.[1] Having considered the parties' briefs, the evidence presented, the arguments of counsel, and the relevant law, the Court hereby GRANTS the Motion to Dismiss without prejudice.

## BACKGROUND

I. Procedural Background

SWP filed the present case against Defendants Noise Consulting Group and Angela Johnson on June 3, 2019.[2] Defendant Ms. Johnson was dismissed by a stipulated motion on

---

[1] ECF No. 39.
[2] ECF No. 2.

August 20, 2019.[3] Consequently, the only remaining defendant is Noise Consulting Group. After the Court dismissed the case for failure to state a claim on September 18, 2019, SWP filed an amended complaint on October 7, 2019.[4] The amended complaint alleges interference with existing contracts, interference with prospective economic advantage, disparagement, unfair competition, and three claims of breach of contract by SWP's former employees under a theory of vicarious liability.[5]

II. Factual Background

SWP is located in Utah.[6] It provides information technology ("IT") and consulting services, primarily to large utility companies throughout the United States.[7] SWP hires employees and subcontractors ("consultants") and places them at different job sites to provide these services to its clients.[8] These consultants are subject to written contracts that contain noncompetition and proprietary information agreements.[9] SWP's primary source of profits is derived from the difference between its consultants' payroll and its clients' bills.[10]

Noise is a direct competitor of SWP.[11] SWP alleges Noise approached three of its consultants and induced them to breach their contracts with SWP and to start working for Noise.[12] At the time of the alleged inducement, the three consultants were located in Illinois, Missouri, and New York.[13] SWP further alleges that as part of the inducement, Noise made

---

[3] ECF No. 21.
[4] ECF No. 25; ECF No. 28.
[5] ECF No. 28.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *See id.*
[11] *Id.*
[12] *Id.*
[13] *See id.*

2

disparaging and false comments about SWP's business practices to at least one of SWP's consultants.[14]

### III. Parties' Arguments

Noise seeks to dismiss the case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[15] Specifically, Noise argues that it does not have the constitutionally required minimum contacts with the Utah to justify this Court's power to issue a binding judgment over it.[16] SWP counters that Noise intended to disrupt its business and knew SWP was located in Utah.[17] Thus, SWP argues Noise's interference with the consultants' contracts was directed at Utah and justifies jurisdiction in Utah.[18] SWP further argues that because Noise induced the consultants to breach their contracts, the consultants were employed by Noise when they breached, and thus Noise is vicariously liable for those actions.[19] Thus, SWP argues that because Noise is vicariously liable for the consultants' breach of contracts, Noise is subject to the forum selection clause in the consultants' contracts specifying Utah as the forum for litigation.[20]

## DISCUSSION

### I. Standard of Review

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to establish the court's jurisdiction. *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000). The plaintiff need only make a prima faciae showing of personal jurisdiction at this stage in the litigation. *Id.* On review, the court must take the plaintiff's allegations as true and resolve all factual disputes in the plaintiff's favor. *Id.*

---

[14] *Id.*
[15] ECF No. 29.
[16] *Id.*
[17] ECF No. 30.
[18] *Id.*
[19] *Id.*
[20] *Id.*

3

II.     Personal Jurisdiction

Jurisdiction is the power to declare the law. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 879–80 (2011) (*quoting Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94, (1998)). Both Article III and the Due Process Clause of the Constitution limit a federal court's jurisdiction. U.S. CONST. art. III, § 2, amend. XIV. Of importance to this case, the Due Process Clause acts as a restraint on a court's power to render binding judgments over individuals. *See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

In federal court "the law of the forum state and constitutional due process limitations govern" personal jurisdiction. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017). Utah's long-arm statute confers the maximum jurisdiction permissible consistent with the Due Process Clause. Utah Code Ann. § 78B-3-205; *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1297–98 (10th Cir. 1999). Thus, the analysis here is solely a due process inquiry.

There are two kinds of personal jurisdiction: general and specific. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1780–81 (2017). General jurisdiction gives the court the power to hear any and all claims against the defendant, regardless of where the incidents giving rise to the claims occurred. *Id.* A court may exercise general jurisdiction over a corporate defendant at the place "in which the corporation is fairly regarded as at home."[21] *Id.* Corporations are regarded at home in the states in which they are incorporated

---

[21] The only remaining defendant in this case is a corporation. ECF No. 21. Accordingly, the court will only address general jurisdiction as it pertains to corporations.

4

and in which their principal place of business is located. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

If the defendant is not at home in the forum, a court may exercise specific jurisdiction over the defendant if the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe*, 326 U.S. at 316. If a defendant has such minimum contacts with the forum, then the court will analyze "whether the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Old Republic*, 877 F.3d at 904 (*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985) (internal quotation marks omitted)). A defendant has "minimum contacts" if (1) it "purposefully directed its activities at residents of the forum state" and (2) the plaintiff's injuries "arise out of [the] defendant's forum-related activities." *Id.* The focus of the inquiry is on "the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Specifically, under what is known as the *Calder* test for purposeful direction, purposeful direction exists if the defendant takes (a) "intentional action" (b) "expressly aimed at the forum state" (c) with "knowledge that the brunt of the injury would be felt in the forum state." *Old Republic*, 877 F.3d at 907 (relying on *Calder v. Jones*, 465 U.S. 783, 788–79 (1984)).

The Court finds it does not have personal jurisdiction over Noise. First, the Court does not have general jurisdiction. As SWP conceded in the First Amended Complaint, Noise is at home in Florida because it is both incorporated and has its principal place of business there.[22]

---

[22] *See* ECF No. 28.

5

Further, the Court finds Noise does not have the requisite minimum contacts to justify specific jurisdiction over it in Utah.

Noise disputes the actions were expressly aimed at Utah under the second prong of the *Calder* test, but does not dispute the first and third prongs.[23] SWP cites to *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.* in support of its argument that Noise's conduct meets the minimum contacts required for specific jurisdiction.[24] In *Dudnikov*, the defendants intended to stop an eBay auction in Colorado for allegedly infringing their intellectual property. *Dudnikov*, 514 F.3d at 1067–69. The defendants sent a notice to eBay in California of the alleged infringement that automatically stopped the auction in Colorado. *Id.* Within ten days, defendants also sent an email to the plaintiff in Colorado threatening to sue to prevent the auction. *Id.* Despite the defendants' absence of activity in Colorado, the Tenth Circuit found the Colorado district court had jurisdiction over the defendants because they expressly aimed their activity at Colorado. *Id.* at 1075–78. The court focused on the defendants' ability to automatically stop the eBay auction in Colorado and stated that contacting eBay in California was "like a bank shot in basketball. A player who shoots the ball off of the backboard intends to hit the back board, but he does so in service of his further intention of putting the ball in the basket." *Id.* at 1075. Additionally, while the court focused on the intent of defendants to stop the auction, the court also emphasized defendants' email to Colorado threatening litigation as further evidence of the defendants expressly aiming their conduct at the forum state. *Id.*

The Court finds nothing in the record to indicate Noise expressly aimed its activities towards Utah. SWP does not allege that Noise traveled to, conducted activities within, contacted

---

[23] *See* ECF No. 29.
[24] ECF No. 30 (*quoting Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d. 1063, (10th Cir. 2008)).

6

anyone in, or sent anything or anyone to Utah.[25] SWP alleges that Noise contacted its former consultants.[26] But those consultants were in Missouri, Illinois, and New York at the time of the alleged contact, not in Utah.[27] While in *Dudnikov*, the defendants disrupted an eBay auction in Colorado, SWP only alleges that Noise induced SWP's former consultants to stop working in states other than Utah.[28] Noise's only alleged contact with Utah is that SWP's injury is felt in Utah, but the Supreme Court clarified in *Walden* that "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290. Although SWP is in Utah, this alone is not enough to justify specific jurisdiction over Noise.[29]

III.    Noise is not Subject to the Forum Selection Clauses

SWP argues Noise is subject to the forum selection clauses in its former consultants' contracts.[30] To support this argument, SWP advances two interrelated but distinct propositions: 1) The former consultants' contracts had forum selection clauses specifying Utah as the forum for any litigation relating to the contracts. The current litigation is related to those contracts and thus the forum selection clause is enforceable; 2) Noise is vicariously liable for the IT consultants breach of contracts. The vicarious liability makes Noise subject to the forum selection clause in the contracts.[31]

In support of the first proposition, SWP cites to *Burger King* and argues personal jurisdiction can be waived through express or implied agreement. *Burger King*, 471 U.S. at 473

---

[25] *See* ECF No. 28.
[26] *Id.*
[27] *See id.*
[28] ECF No. 28.
[29] Accordingly, because the Court finds Noise does not have minimum contacts with Utah, there is no need to analyze the second part of the test for specific jurisdiction under *Old Republic*: "whether the defendant has presented a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Old Republic*, 877 F.3d at 904.
[30] ECF No. 30.
[31] *Id.*

7

n.14. While it is true that the court in *Burger King* found forum selection clauses enforceable, the court emphasized the nature of the agreement between the parties as "freely negotiated" and not "unreasonable and unjust". *Id.* ("[I]n the commercial context, *parties* frequently stipulate in advance to submit their controversies for resolution within a particular jurisdiction." (emphasis added)). SWP states in its opposition memo "Provisions by which parties to contracts agree that litigation relating to the contracts must be brought only in a designated forum – i.e. forum selection clauses – are enforceable."[32] But Noise was not a party to any of the IT consultants' contracts.[33] Nothing in the record indicates that Noise freely negotiated the contracts or voluntarily assented to the forum selection clause in the contracts.[34] Nor has SWP offered an explanation as to why a known competitor would be a party to its own consultants' contracts.[35] The Supreme Court stated in *E.E.O.C. v. Waffle House, Inc.* "It goes without saying that a contract cannot bind a nonparty." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002). The Court concludes Noise as a nonparty is not bound to SWP's former consultants' contracts.

SWP further argues Noise is vicariously liable for the former consultants' breach of contracts.[36] Vicarious liability is grounded in principles of agency law. *M.J. v. Wisan*, 371 P.3d 21, 34 (Utah 2016) ("Our law has long held that equity is served by a recognition of a principal's vicarious liability for the acts of an agent falling within the scope of his employment.") SWP did not offer factual or legal support of this argument in its opposition memo.[37] Accordingly, the Court does not find Noise vicariously liable for the acts of the former consultants.

---

[32] ECF No. 30.
[33] ECF No. 39.
[34] *See id.*
[35] *See* ECF No. 28, ECF No. 36; ECF No. 39.
[36] ECF No. 30.
[37] *Id.*

Additionally, the Court reviewed SWP's contracts with its former consultants and notes that the contracts were all at-will.[38] Generally, at-will contracts can be terminated at any time by either party for any reason or no reason at all. *See Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 606 (2008). The Court notes that SWP's theory that Noise induced its former consultants to wrongfully breach their contracts is undercut by the at-will provisions in the contracts.

## **ORDER**

Defendant's Motion is GRANTED. The case is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 23rd day of March, 2020.

Bruce S. Jenkins
United States Senior District Judge

---

[38] ECF No. 39.